***NOT FOR PUBLICATION***

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**
**APPELLATE DIVISION**

| | |
|---|---|
| **HEWITT PEREIRA,** | **D.C. App. Crim. No. 2003/035** |
| | **S.Ct. Crim No. 270/2002** |
| **Appellant,** | |
| **v.** | |
| **GOVERNMENT OF THE VIRGIN ISLANDS,** | |
| **Appellee.** | |

On Appeal from the Superior Court of the Virgin Islands

**To Be Considered: June 15, 2007**
**Filed: February 26 2008**

**BEFORE:** **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **AUDREY L. THOMAS**, Judge of the Superior Court, sitting by designation.

**ATTORNEYS:**

**Stephen Brusch, Esq.**
St. Thomas, U.S.V.I.
*Attorney for Appellant.*

**Maureen Phelan, Esq., AAG**
St. Thomas, U.S.V.I.
*Attorney for Appellee.*

# Memorandum Opinion

**Per Curiam.**

## I. Issues Presented

In this appeal, we are asked to decide:

1) Whether there was substantial evidence for a rational juror to find Appellant guilty beyond a reasonable doubt, where the victim identified Appellant by his hair, build and familiarity with Appellant.

2) Whether the Information was valid when the affidavit supporting the Information was prepared in the name of one police officer and signed by a different police officer.

3) Whether the Government's pre-accusation delay violated Appellant's Right to Due Process when the Government took three years to file an Information.

## II. Facts and Procedural Posture

This matter arises out of an assault. The victim in this case, Mr. Granville Freeman ("Freeman") testified that on August 13, 1999, at approximately 10:00 p.m., he and his then girlfriend, now wife, Raytricia Freeman were walking through the Harbor View Housing Community on St. Croix, United States Virgin Islands. (J.A. p. 161.) While walking, Freeman heard footsteps behind him and as he looked back, a gunshot was fired. That bullet struck him in his back. (J.A. p. 161.) Freeman pushed his

girlfriend to the left and ran to the right. (J.A. p. 161.)

As he was running, another shot was fired that hit him in the right leg, Freeman fell to the ground, and was shot again in the right leg. (J.A. p. 162.) Freeman testified that while on the ground he looked behind him and saw two assailants shooting at him. When the shooting stopped, Freeman laid on the ground with two bullets in his leg and four in his back. (J.A. pp. 161, 162, 170.) Freeman testified that Aswad Moe was "bare faced" and plainly identifiable as one of the gun-men. (J.A. p. 171.) Freeman further testified that although the other assailant wore a mask made out of nylon stockings, he immediately recognized him as Hewitt Pereira ("Appellant" or "Pereira") because he had known him for many years. (J.A. pp. 171, 204.) Freeman testified that he knew Pereira and Pereira's cousin Aswad Moe since the seventh grade and that their mothers and aunts went to school together. (J.A pp. 160, 171, 179.) However, despite their extended acquaintance, they were enemies of long standing. (J.A. pp. 160, 171, 179.) Freeman further testified that he knew Pereira so well, he could identify him from his walk, his build, and braids. (J.A. p. 171.) Freeman explained to the jury that just as you know everything about your best friend, you know everything about your enemy: what he looks like, how he walks, how he talks. (J.A. p. 172.)

On August 13, 2002, the Government filed an Information accompanied by a probable cause affidavit that was prepared in the name of Detective Matthews of the Virgin Islands Police Department ("VIPD"). However, the affidavit was signed by Sergeant Brown of the VIPD. On January 22, 2003, Pereira filed a pre-trial Motion to Dismiss the Information predicated on the argument that the Government's pre-accusation delay violated his Due Process Rights. On March 14, 2003, the court held a hearing on Pereira's Motion. In the midst of that hearing Pereira through counsel, made an oral motion to suppress the arrest warrant because the affidavit supporting the warrant was deficient.(J.A. pp. 54-55.) However, Pereira did not raise an argument asserting that the Information was deficient due to an invalid affidavit. On April 9, 2003, the Superior Court (then Territorial Court) issued an order denying Pereira's Motion to Dismiss predicated on pre-accusation delay. (J.A. p. 76.)

On September 29, 2003, the parties proceeded to trial. At the close of evidence, a jury convicted Pereira of First Degree Assault in violation of 14 V.I.C. § 295(1) and (11), and Possession of a Dangerous Weapon During the Commission of a Crime of Violence in violation of 14 V.I.C. § 2251(a)(2). This timely appeal followed.

## III. Discussion

### A. Jurisdiction

This Court has jurisdiction to review the judgments and orders of the Superior Court in criminal cases. *See* V.I. Code Ann. tit. 4 § 33 (1997 & Supp. 2001).[1]

### B. Whether there was substantial evidence for a rational juror to find Appellant guilty beyond a reasonable doubt.

#### 1. Standard of Review

In determining the sufficiency of the evidence for a conviction, courts look at the totality of the evidence, both direct and circumstantial, in the light most favorable to the Government. *Sanchez v. Government of the Virgin Islands*, 921 F. Supp. 297, 299 (D.V.I. App. Div. 1996). "The standard of review to determine whether the evidence was sufficient to sustain appellant's conviction [sic] is a question of law over which we exercise plenary review." *Smalls v. Government of the V.I.*, 31 V.I. 121 (D.V.I. App. Div. 1994).

The jury verdict is sustained "if any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the evidence available at trial. *See Soto v. Government of the*

---

[1] *See also* Revised Organic Act § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541- 1645 (1994), *reprinted in* V.I.CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I.CODE ANN. tit. 1) ["Revised Organic Act"].

*V.I.*, 344 F.Supp.2d 450, 453 (D.V.I. App. Div. 2004) (citing *Government of the V.I. v. Sampson*, 94 F.Supp. 2d 639, 643 (D.V.I. App. Div. 2000)). An appellant that challenges the sufficiency of evidence bears a heavy burden. *United States v. Navarro*, 145 F.3d 580, 592 (3d Cir. 1998).

**2. Analysis**

Perieira challenges whether there was sufficient evidence for a rational juror to find him guilty beyond a reasonable doubt because the victim, Freeman, could not see the face of his attacker. Credibility findings are reviewed for clear error and will not be disturbed on appeal unless they are inherently incredible. *Petillo v. New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977).

In this matter, the jury heard evidence of Freeman's familiarity with Pereira. Freeman testified that he had known Pereira for years; that their mothers and aunts all went to school together; and that Pereira was not his friend. (J.A. p. 160.) Freeman also testified that he and Pereira had multiple run-ins with each other during their high school years. (J.A. p. 171.) Freeman told the jury that when he was attacked by the two gunmen, he immediately recognized Pereira, although he wore a stocking over his head. (J.A. pp. 171, 204.) Finally, Freeman explained that even if he had not seen Pereira's face at all on

the night of the attack, that he would have been able to identify him from his walk, his body build, and braids. (J.A. p. 171.)

In this case, the jury clearly heard evidence that supported Freeman's eye-witness testimony that he could identify Perieira based on several factors including: the length of time he was familiar with Pereira; Pereira's braids; demeanor; build and stature. Thus, a rational trier of fact could conclude based on the evidence presented, that Freeman successfully identified Pereira as his attacker.

**C. Whether the Information was valid when the affidavit supporting the Information was prepared in the name of one police officer and signed by a different police officer.**

Pereira argues, for the first time on appeal, and without authority, that the Information was invalid because the affidavit accompanying the Information was prepared in the name of Detective Richard Matthews, but signed by Sergeant Stephen Brown.

**1. Standard of Review**

Generally, issues raised for the first time on appeal should be rejected summarily. *Preiss v. Severe*, 22 V.I. 433 (Terr. Ct. 1986). Alleged errors not objected to or not brought to the attention of the trial court below may be considered on appeal only if they rise to the level of plain error. *Government of the*

*Virgin Islands v. Grant*, 21 V.I. 20(D.V.I. App. Div. 1984). Before an appellate court can correct an error not raised at trial, there must be "(1)error,(2) that is plain and (3) that affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 736 (1993)(internal citations omitted).

**2. Analysis**

Appellant argues that the affidavit was invalid, thus the Information was invalid. Although an Information must be signed by an attorney for the Government,[2] there are no statutory requirements, within our local rules [3] or federal rules,[4] of criminal procedure that a criminal charging document must be supported by a probable cause affidavit signed by an investigating police officer. Thus, since an affidavit is not required to accompany a criminal Information in this

---

[2] Criminal prosecution cannot be properly instituted unless an indictment or information is signed by an attorney for the Government. Fed. R. Crim. P. 7(c); *United States v. Moorehead*, 18 V.I. 507 (Terr. Ct. 1981).

[3] Pursuant to the Superior Court Rules: [t]he Attorney General shall prepare a complaint form to be completed and filed with the Court prior to the Initial Appearance. The complaint shall recite the charge, the applicable statutory citation, and shall otherwise comply with the requirements of Superior Court Rule 121. Super. Ct. R. 123(a)(5) (Filing of Complaint). (Super. Ct. R. 121 addresses the relevant procedures for filing of a complaint for misdemeanor offenses.)

[4] The indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. A count may incorporate by reference an allegation made in another count. A count may allege that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or summary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. Fed. R. Crim P. 7(c)(1).

jurisdiction, we cannot conclude, under a plain error standard of review, that the charging document was insufficient.[5] Accordingly, Pereira's argument predicated upon the contention that the Information was invalid because it was filed with an invalid affidavit fails.

**D. Whether the Government's pre-accusation delay violated Appellant's Right to Due Process.**

Pereira argues, in the alternative, that even if the Information was filed within the statue of limitations, he has suffered substantial prejudice as a result of prosecutorial delay, in violation of his right to Due Process.

**1. The Information was filed within the statute of limitations**

Generally, the limit on pre-accusation delay is set by the statue of limitations. *Government of the Virgin Islands v. Moncayo*, 31 V.I. 135, 140 (D.V.I. 1995). For the crimes charged, 5 V.I.C. § 3541(a)(2) provides that a criminal action shall be commenced within three years after its commission. The statute of

---

[5] Even in states which require an affidavit under local rules, when a charging document is challenged for the first time on appeal, the lack of an affidavit is treated as a technical objection, given that the charging document states the essential elements of the offense. *People v. Devine*, 692 N.E. 2d 785 (Ill. App. 1998). Moreover, in this jurisdiction, "the rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects [in a charging document], not prejudicial, will be disregarded." *United States v. Marcus*, 166 F.2d 497, 501 (3d cir. 1948).

limitations begins to run on the day following the day on which the event giving rise to the cause of action accrued. *See* Super. Ct. R. 9.

The incident that gave rise to this prosecution occurred on August 13, 1999. (J.A. pp. 4, 19.) Thus, the statute of limitations would have lapsed on August 14, 2002. On August 13, 2002, the Government filed an Information charging Appellant with Assault in the First Degree, Possession of a Dangerous Weapon During the Commission of a Crime of Violence and Unauthorized Possession of a Firearm. (J.A. pp. 3, 6.) Thus, the Information at issue was filed within the applicable limitations period.

However, "the statute of limitations does not fully define a defendants's right with respect to the government's delay in criminal proceedings, the Due Process Clause of the Fifth Amendment plays a role in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789; 97 S.Ct. 2044; 52 L. Ed. 2d 752(1977).

**2. The Government's pre-accusation delay did not violate Appellant's Constitutional right to Due Process.**

**a. Standard of Review**

On April 9, 2003, the Superior Court (then Territorial Court) issued an order denying Pereira's Motion to Dismiss predicated on pre-accusation delay. (J.A. p. 76.) The trial court

found that 1) loss of memory is not of itself enough to demonstrate that the Appellant could not receive a fair trial; 2) the information was filed within the statute of limitations; and 3) the prosecution gave a good-faith basis for the delay in filing the charges against the Appellant. Appellant challenges the Superior Court's ruling. We review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statute. However, we afford the more deferential clear error review to factual determinations. *See Gov't of V.I. v. Albert*, 89 F.Supp. 2d 658, 663 (D.V.I. App. Div.2001).

In *United States v. Lovasco*, the Supreme Court set forth a two step analysis to determine whether the Due Process Clause of the Constitution requires dismissal due to the Government's lengthy delay in filing the information. *Lovasco*, 431 U.S. at 789. First, the court must determine "whether the defendant has suffered actual substantial prejudice due to pre-indictment delay." *Moncayo*, 31 V.I. at 141 (quoting *Lovasco*, 431 U.S. at 792). Second, if the defendant suffers actual prejudice, the court must "consider the Government's reasons for the delay and whether the length of the delay, when balanced against the reasons for the delay, violates those fundamental conceptions of justice which lie at the base of our civil and political

institutions." *Moncayo*, 31 V.I. at 141 (quoting *Lovasco*, 431 U.S. at 789).

**b. Appellant did not suffer actual prejudice.**

The threshold for proving that the accused was prejudiced by the Government's delay is high, particularly in cases where the charging document was filed within the limitations period. *See, e.g., United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985); *Payne v. Rees*, 738 F.2d 118, 122 (6th Cir. 1984). This jurisdiction requires, at a minimum, a showing of "actual prejudice" before upholding a claim that pre-accusation delay has offended due process. *United States v. Ismaili*, 828 F.2d 153, 167-69 (3d Cir. 1987) (death of two witnesses and loss of records insufficient showing of prejudice.) To prove actual prejudice, a defendant must establish not only the impairment of a defense because of missing evidence, but also the availability of that evidence but for the delay, and its exculpatory nature were it now available. *Id.* This showing must be "non-speculative," requiring, for example, that a defendant establish credibly the content of a witness' testimony if the witness had lived, had remained accessible or had a memory unobscured by time. *United States v. Ramos Algarin*, 584 F.2d 562, 567 (1st Cir. 1978) (possibility that unavailable witness might provide additional information is speculative). The burden of establishing prejudice

is on the defendant, who holds the information regarding the nature of, and the extent to which, delay has impaired his or her capacity to present a defense. *Ismaili*, 828 F.2d at 167-69.

Pereira argues that he was substantially prejudiced by the Government's delay because he was unable to develop his defense of mistaken identification and alibi. However, under *Lovasco* and its progeny, Pereira fails to meet his burden, because, he points to no specific evidence, no potential witness nor plausible testimony to support his contention that he was prejudiced. Thus, no actual prejudice is apparent. We need not reach whether the Government's proffered reason for the delay was justified, because, Appellant's failure to meet his threshold showing of actual prejudice is fatal to this claim.

**IV. Conclusion**

There was substantial evidence for a rational juror to find that the Government's witness identified Appellant as his attacker, by his hair, build and familiarity with Appellant. Under a plain error standard of review the Information filed in this matter was sufficient. The Information was filed within the limitations period and the record is otherwise devoid of any indication that the trial court erred in concluding that this Appellant suffered no actual prejudice due to the Government's pre-accusation delay. Accordingly, for the reasons cited above,

*Pereira v. Government of the Virgin Islands*
D.C. Crim. App. 2003/35
Memorandum Opinion
Page 14

Appellant's conviction is hereby, **AFFIRMED**.